Defendant-appellant Troy L. Smith appeals his sentence from the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 17, 1998, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth degree felony. The indictment alleged the offense had occurred on or about February 9, 1998. At his arraignment on April 24, 1998, appellant entered a plea of not guilty to the charge.
On June 22, 1998, appellant entered a plea of guilty to the charge in the indictment and a pre-sentence investigation report was ordered. A Judgment Entry memorializing appellant's plea was filed on June 24, 1998. Attached to the entry was a written plea of guilty. On July 27, 1998, imposition of sentence upon appellant was suspended and appellant was sentenced to three (3) years of community control under specified terms. The Judgment Entry of Sentencing, which was filed on July 31, 1998, stated that "[v]iolation of any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to 12 months."
On October 1, 1998, appellant's probation officer filed a Motion to Revoke Probation alleging that appellant had violated the terms of his community control by failing to report to the Adult Parole Authority office for transport to Barberton Rescue Mission, by testing positive for cocaine and by failing to enter Barberton Rescue Mission. After appellant, on October 13, 1998, stipulated to both probable cause and to a violation of his community control sanctions, the trial court revoked his probation and sentenced him to prison for a definite term of twelve (12) months, the maximum sentence for a violation of R.C. 2925.11(A). The trial court, in sentencing appellant to the maximum, emphasized appellant's failure to participate in a rehabilitation program through the Barberton Rescue Mission. The court's sentence was memorialized in a Judgment Entry filed on October 14, 1998.
It is from the October 14, 1998, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT IMPOSED THE MAXIMUM SENTENCE AUTHORIZED FOR COCAINE POSSESSION WITHOUT COMPLYING WITH OHIO LAW. O.R.C. SECTION 2929.14(C) AND O.R.C. SECTION 2929.19(B) (2)(c) AND (d) REQUIRE A TRIAL COURT TO STATE WITH PARTICULARITY ITS REASONS BEFORE IMPOSING A MAXIMUM PRISON TERM ALLOWED BY LAW.
 I
Appellant, in his sole assignment of error, contends that the trial court erred by not stating with particularity on the record its reasons for imposing the maximum prison term allowed by law.
R.C. Chapter 2929.14 provides, in relevant part, as follows:
 "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
R.C 2929.19 governs sentencing hearings. Such section provides, in pertinent part, as follows:
 "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051
[2947.05.1] of the Revised Code.
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term:"
(Emphasis added)
Thus, a trial court has discretion to impose a maximum sentence in this situation if it determines that one of the factors listed in R.C. 2929.14(C) exists and it explains its reasons for imposing a maximum sentence as required by R.C.2929.19(B)(2)(d)[1].
In its July 31, 1998, Judgment Entry sentencing appellant to community control, the trial court specifically stated that appellant's violation of his community control "shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to 12 months." At the October 13, 1998, hearing, the trial court explained its reasons for revoking appellant's community control and imposing the sentence as follows:
 "And let me just say, for the record, that Mr., ah Smith was given the opportunity in this case at his request to participate through the Barberton, ah, Rescue Mission and that it is his, because of his own doing that he no longer wishes to participate in that program and did not report for participation in that program.
 And, in addition to that, he, since he stipulated to, to the probable cause —
 He's also tested positive, ah, for cocaine and stipulated to the other violations. He was given a chance, Mr. Smith was given a chance to participate in a rehabilitation program of his own choosing. And he, again, chose not to do so.
 He chose, knowing that the Court would impose a prison sentence, to um, come before this Court and to stipulate and to waive his right to an evidentiary hearing and for that, those reasons, the sentence is, will stand."
Transcript of Proceedings, at 9-10.
The record shows, and the State of Ohio concedes, that the trial court did not comply with R.C. 2929.14(C) and 2929.19(B)(2)(d) in imposing the maximum sentence on appellant. Specifically, the trial court did not set forth its reasons for imposing the maximum prison term. The court did not, as required by R.C. 2929.14(C), find that appellant committed the worst forms of the offense, that appellant posed the greatest likelihood of committing future crimes, or that appellant was a certain type of major drug offender or repeat offender. The trial court, therefore, erred in imposing on appellant the maximum prison term permitted by law for a violation of R.C.2925.11 (A).
Appellant's sole assignment of error is granted.
The sentence rendered by the Stark County Court of Common Pleas is hereby vacated and the matter is remanded for resentencing consistent with this opinion and the law.
By Edwards, J., Hoffman, J. and Farmer, J. concur.
---------------------------
---------------------------
---------------------------
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated and remanded for resentencing consistent with this opinion and the law. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Appellant also argues that the trial court failed to comply with R.C. 2929.19(B)(2)(c). Such section requires a court to give its reasons before imposing consecutive sentences under R.C. 2929.14. Since appellant was not sentenced to consecutive sentences, such section does not apply.